Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

SUPERIOR COURT
OF GUAM

2012 OCT -2 PM 4: 02

PEOPLE OF GUAM,                    )    CRIMINAL CASE NO. CM 0669-11
                                   )
    vs.                            )         **AMENDED**
                                   )    **DECISION AND ORDER**
SHAWN P CABRERA,                   )    **(Motion for Reconsideration)**
                        Defendant. )

Defendant's Motion for Reconsideration was heard on September 21, 2012 before the HONORABLE ELIZABETH BARRETT-ANDERSON. People were represented by Assistant Attorney General James C. Collins, and Defendant was represented by Attorney Suresh Sampath. The Court **GRANTED** Defendant's Motion for Reconsideration from the bench so as to remove disputed facts irrelevant to rendering a decision. Yet, for the forgoing analysis, The Court having considered all the motions and arguments herein now issues its ruling, Defendant's Motion to Suppress is **DENIED.**

## HISTORY

On June 7, 2011, Defendant was charged with: (1) Driving While Under the Influence of Alcohol, misdemeanor (BAC); (2) Driving While Under the Influence of Alcohol, misdemeanor; and (3) Improper Storage of an Open Container of an Alcoholic Beverage, misdemeanor; and (4) Eluding a Police Officer, misdemeanor. Defendant filed a Notice of Motion to have his Motion to Suppress heard before the Court on March 12, 2012. On June 6, 2012, the Court issued its Decision denying Defendant's Motion to Suppress (hereinafter "June 6th Decision). On July 2nd, 2012, Defendant filed a Motion for Reconsideration.

The issues of fact remain contested as laid forth in the June 6th Decision.

## DISCUSSION

Defendant moves to suppress "any and all evidence" obtained by Officers as a result of an unlawful detention of his person in violation of 8 Guam Code Annotated §30.10-30.60, Guam's "Stop and Frisk" statute. Guam law provides, "[n]o person shall be detained under the provisions of §30.10 longer than is reasonably necessary to effect the purposes of that section, and in no event longer than

+

fifteen (15) minutes..." 8 GCA §30.30. Defendant argues that he was detained for more than the permitted fifteen (15) minutes, and therefore, the remedy for a "Stop and Frisk" violation should be suppression of any and all evidence seized. Defendant cites to an earlier decision, *People v. Santos*, CM 805-09 (Super. Ct. Guam July 2, 2010), wherein the Court concluded the police officers had detained the defendant longer than lawfully permitted under the facts of the case. The Court is abandoning its ruling in *Santos* based on the following analysis.

The purpose for Guam's "stop and Frisk Act" is for 'investigatory stops' where the police officer has reasonable suspicion that a person has, is, or is about to commit a criminal offense. 8 G.C.A. § 30. 10. A police officer than has fifteen (15) minutes to ascertain the identity of the person detained and to determine the circumstances surrounding his presence which lead the officer to believe that he committed, was committing or was about to commit a criminal offense. 8 G.C.A. § 30.20. If probable cause arises any time after the onset of the detention, the person shall be arrested. . 8 G.C.A. § 30.40. The time limitation under Section 30.10 is no longer applicable once probable cause has been formed.

During the investigatory stop, Officers had probable cause to arrest Defendant based on his admission to having drank alcohol. Once probable cause is formed during the "investigatory stop," the fifteen (15) minute time limit for the purposes of Section 30.10 no longer governed. The "investigatory stop," then becomes a detention and need only pass constitutional muster against unreasonable searches and seizures guaranteed by the Fourth Amendment.

The United States Supreme Court has repeatedly rejected the application of a bright-line time limit for Fourth Amendment detentions. See United States v. Sharpe, 470 U.S. 675, 685 (1985). Although having a 'bright-line' rule would be helpful in evaluating whether an investigative detention is unreasonable, a police officer's common sense and judgment must ultimately govern their conduct. In United States v. Place, the court reasoned, "[s]uch a limit would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation." Place, 462 U.S. 696, 709, n. 10 (1983). The Guam legislature has provided clear framework for 'stops' for the purposes of Sections 30.30-40, which at any time probable cause appears, the person shall be arrested. The fifteen minute limitation was inapplicable in this case since Officers had probable to arrest.

Accordingly, the Court does not agree with Defendant's assertion that "any and all" evidence from a detention should be suppressed under Section 30.60. Although the Court in *Santos* did not address the suppression issue, the Court will do so now. Guam law provides that "[n]othing seized by a peace officer *in the search of authorized by§30.50* [Weapons Search Permitted] shall be admissible against any person in any court of this Territory unless both the detention and the search which disclosed its existence was authorized by, and conducted in compliance with , the provisions of this Chapter." 8 G.C.A. § 30.60. In the present case, there is no evidence to suppress from a search of Defendant based on the following analysis.

A "detention" is limited to ascertaining the identity of the person and the circumstances surrounding his presence which lead the officer to believe that he had committed, was committing, or was about to commit a criminal offense. 8 G.C.A. § 30.20. A request for identification and investigation does not generally constitute as seizure, and most importantly, does not trigger Fourth Amendment protections. In Terry, a 'detention" occurs when a "police officer accosts an individual and restrains his freedom to walk away." Terry v. Ohio, 392 U.S. 1, 16 (1968). The Michigan Court of Appeals suggests she determining factor in assessing whether a detention is too long in duration is "whether the police were diligently pursuing a means of investigation that was likely to confirm or dispel their suspicions" People v. Chambers, 489 N.W. 2d 168, 125 (1992).

Defendant urges the Court to rely on its ruling in *People v. Santo*, CM 0332-09, Superior Court of Guam, July 2, 2010. The Court effectively abandons its ruling in *Santos*[1] wherein it concluded police officers have fifteen (15) minutes to make an arrest after the onset of probable cause following an initial investigatory stop. The Court has not previously adhered to such analysis. *See People v. Pascual*, CF 370-08, Superior Court of Guam, January 11, 2010; *see also People v. Tedtaotao*, CF 50-09, Superior Court of Guam, April 20, 2009.

Even if Section 30.30 was violated, the Court finds suppression is not an appropriate remedy. The fifteen (15) minute limitation is a statutory right prescribed by the Guam legislature, not a

---

[1] The Court abandons its logic in Decision & Order (July 2, 2010) on a p. 5 ¶ 2 that states, "the existence of probable cause does not alter the time and place limitations of 8 G.C.A. § 30.20." Instead, the Court finds the existence of probable cause *does alter* the time and place limitations of Section 30.20. If probable cause is found during the "investigatory stop," the exclusionary rule is not triggered even after the expiration of the fifteen (15) minute time limitation.

constitutional right. The Fourth Amendment protects against unreasonable search and seizures is applicable pursuant to §1421b(c) of the Organic Act of Guam; however, nothing in the Act incorporates the fifteen (15) minute limitation as a constitutionally-afforded right to the people of Guam. Additionally, Section 30.50 only applies to weapons searches and is not applicable to the case at present, as no weapons search was conducted. Section 30.60 provides the limitations upon admissibility of seized evidence found in searches authorized by Section 30.50, which is only applicable to weapons searches. Since no weapons search was conducted, the Court finds the Suppression of evidence is not an appropriate remedy.

## CONCLUSION

The Court concurs several contested issues of fact were inappropriately deemed as undisputed. However, the contested issues of fact did not affect the issue of law, as Officers had probable cause to make an arrest. Based on the forgoing analysis, Defendant's Motion to Suppress is **DENIED.**

A Criminal Trial Setting is presently scheduled for October 11, 2012 at 9 a.m. before the Honorable James L. Canto II.

**IT IS SO ORDERED** this 1st day of October 2012.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Senior Judge Pro Tempore, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

OCT 0 2 2012

Persey M. Angoco

4